IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, PEORIA DIVISION

| | |
|---|---|
| JILL L. NORTH, individually and on behalf of other similarly situated individuals, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 07-1220 |
| BOARD OF TRUSTEES OF ILLINOIS STATE UNIVERSITY and C. ALVIN BOWMAN, in his official capacity as President of Illinois State University, | ) ) ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

Plaintiff alleges that Defendants failed to pay her overtime as required by the Fair Labor Standards Act during her summer work as a "Conference Assistant" at Illinois State University.  Defendants move to dismiss under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff was not a covered "employee" under the Fair Labor Standards Act, based on Marshall v. Regis Educational Corp., 666 F.2d 1324 (10th Cir. 1981).  For the reasons below, the Court recommends the motion be denied.  (d/e 5).

## Standard

When considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) the court takes the allegations in the complaint as true, viewing all facts--as well as any inferences reasonably drawn therefrom--in the light most favorable to the plaintiff.  Patel v. City of Chicago, 383 F.3d 569, 572 (7th Cir. 2004).  To state a claim under federal notice pleading standards, all the Complaint must do is set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  The Complaint need only give "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776-77 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007)(other citation omitted). However, a plaintiff can "plead out of court" if the facts she alleges defeat her claim for relief.  McCready v. Ebay, Inc., 453 F.3d 882, 888 (7th Cir. 2006).

## Allegations

Plaintiff is an undergraduate student and is currently a Resident Assistant at Illinois State University.  This case concerns her position as a "Conference Assistant" during the Summer of 2007, not her position as a

Resident Assistant.  (Complaint, d/e 1, ¶ 5).  Plaintiff estimates that about 15 other persons were Conference Assistants during that time, along with an unknown number of Conference Assistants in 2005 and 2006.  Id. ¶ 6.

As a Conference Assistant, Plaintiff provided support for the University's hosting of conferences during the summer.  Job duties included checking guests in and out, staffing the residence hall front desk, and taking overnight on-call shifts.  (Complaint, d/e 1, ¶¶ 9-10).  A "Contract and Work Agreement" specified that Conference Assistants were "expected to work approximately thirteen (13) weeks between May 14, 2007 and August 13, 2007 for an average of twenty-seven (27) hours per week plus an additional twelve (12) shifts of overnight duty of eight (8) hours in duration."  (Complaint, d/e 1, ¶ 11).  In return, Conference Assistants received $1,974, plus room and board (unless they requested and were approved for $750 in lieu of the room benefit).  Id. ¶ 12; Ex. A attached to d/e 6.

On or about May 28, 2007, Plaintiff was notified that the eight hour shift was being increased to 15 hours.  On or about June 14, 2007, one of the other Conference Assistants was terminated in retaliation for her complaints about forced overtime and her refusal to work on a particular

weekend. As a result of her termination, the hours of the remaining Conference Assistants were increased.

Plaintiff calculates that over the Summer of 2007 she worked 295 hours of overtime as a Conference Assistant. (Complaint, d/e 1, ¶ 23). She alleges that, as a Conference Assistant, she was an employee under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, entitled to overtime pay under that Act. Id. ¶¶ 29-42. She seeks, on behalf of herself and others similarly situated, compensatory and liquidated damages. Id. p. 11.

## Analysis

Defendants argue that Plaintiff has pled herself out of court in light of Marshall v. Regis Educ. Corp., 666 F.2d 1324 (10th Cir. 1981), a Tenth Circuit case that held that college resident-hall assistants ("RA's") were not employees under the Fair Labor Standards Act ("FLSA"). In Marshall, the RA's were full-time students. Their duties and responsibilities included "administrative tasks" and "broader responsibilities in maintaining discipline and order within the halls and in encouraging participation in campus activities." 666 F.2d at 1326. They were compensated with reduced room rates, free telephone use, and a $1,000 tuition credit. 866 F.2d at 1326. The Tenth Circuit upheld the district court's conclusion that

the "totality of the circumstances" showed that the RA's were not employees under the FLSA:

> The RA's . . .did not come . . .to take jobs. They enrolled as full-time students seeking growth and development from adolescents into mature human beings and desiring to earn the recognition of an academic degree. The opportunity to reduce the cost of their college . . .is only one circumstance in the whole activity of the college program. It does not differ from credits granted to student athletes and leaders in student government.

866 F.2d at 1329.

Defendants attach the Conference Assistant Contract and Work Agreement signed by Plaintiff, asserting that Plaintiff's "duties were similar to those performed by the RA's in Marshall." (d/e 6, p. 4). Yet even assuming that the Court may consider this contract on a 12(b)(6) motion, the contract alone would not determine whether Plaintiff was an employee under FLSA. Marshall stressed that the "totality of the circumstances" and the "economic realities" of the relationship must be considered, admonishing that its holding "does not require the conclusion that no student working at the College would be within the scope of the FLSA." 666 F.2d at 1327; see also Sec'y of Labor v. Lauritzen, 835 F.2d 1529, 1534 (7th Cir. 1988)("In seeking to determine the economic reality of the nature of the working relationship, courts do not look at a particular isolated

factor but to all the circumstances of the work activity."), *citing* <u>Rutherford Food Corp. v. McComb</u>, 331 U.S. 722, 730 (1947).  Further, Plaintiff points out that the position of Conference Assistant was not identical to that of a Resident Assistant.  For example, Plaintiff asserts that, unlike RA's, Conference Assistants were not required to be currently enrolled, not required to live in a residence hall, and not allowed to have other employment.  Further, Plaintiff asserts that the RA and CA contracts differ materially and that the purpose of a Conference Assistant is to provide services to conference attendees, not to other students.  Defendants do not address these distinctions.

    In short, though <u>Marshall</u> will likely play a role in the determination, it is not controlling and is distinguishable at this point.  <u>Marshall</u> also underscores the factual inquiry necessary to the determination.  The Court will accordingly recommend denial of the motion to dismiss.[1]   At this time, the Court cannot make any recommendation on whether Plaintiffs are in fact employees covered under FLSA.  That decision better awaits discovery and a fully developed factual record and thorough briefing.  In

---

[1] Given that factual inquiry, the Court does not believe the motion should be converted to a summary judgment motion. Plaintiff asks the court to consider converting the motion to a summary judgment motion, granting summary judgment to Plaintiff, and facilitating notification of the class to allow discovery for determining damages.  (d/e 7, p. 11).

light of this recommendation, the Court does not address Plaintiff's other arguments against dismissal.

WHEREFORE, the Court RECOMMENDS that Defendants' Motion to Dismiss be denied (d/e 5).

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within ten working days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

ENTER:    January 16, 2008

s/ Byron G. Cudmore
_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE